FILED
MAR - 6 2011

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,

                   Plaintiff,

     vs.

DANIEL DEVON HARDEN,

                   Defendant.

Criminal Case No. 06-79-KI

OPINION AND ORDER

        Daniel Devon Harden
        #69349-065
        FCI-Florence
        PO Box 6000
        Florence, CO 81226-6000

            Pro Se Plaintiff

Page 1 - OPINION AND ORDER

Dwight C. Holton
United States Attorney
District of Oregon
Thomas H. Edmonds
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902

      Attorneys for Defendant

KING, Judge:

Before the court is defendant Daniel Harden's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582 (#101).  For the reasons below, I deny the motion.

## DISCUSSION

Harden pleaded guilty to a charge of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and the court sentenced Harden to 63 months imprisonment.  His projected release date is November 15, 2011.  As part of the guilty plea, Harden waived most of his rights to appeal or move for post-conviction relief.

Relying on 18 U.S.C. § 3582(c), Harden asks the court to reduce his sentence from 63 months to 51 months.  Harden argues that he has an excellent and positive attitude, shows skills that are necessary to avoid recidivism, and will take an active approach to exhort good into his life and the community.  In particular, Harden successfully completed the nine-month Residential Drug Abuse Program, but claims he will not receive a reduction in sentence as a result of the program.

Title 18 U.S.C. § 3582(c) states:

      (c) Modification of an imposed term of imprisonment.–The court may not modify a term of imprisonment once it has been imposed except that–

Page 2 - OPINION AND ORDER

(1) in any case –

(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison . . . ;

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . .

No part of the statute applies to Harden's situation, even in light of his proclaimed rehabilitation. Subsection (1) cannot apply because the Director of the Bureau of Prisons has not filed a motion seeking a reduction in Harden's sentence, as required in § 3582(c)(1)(A), and the court is not aware of a federal statute or rule of criminal procedure permitting the reduction, as required in § 3582(c)(1)(B). Subsection (2) cannot apply because the court did not sentence Harden based on a sentencing range that the Sentencing Commission subsequently lowered. Consequently, the court has no authority to lower Harden's sentence. The court does believe that Harden's efforts at rehabilitation will greatly assist his transition to the community once he serves his sentence.

Page 3 - OPINION AND ORDER

## CONCLUSION

Harden's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582 (#101) is

denied.

IT IS SO ORDERED.

Dated this _____ 8th _____ day of March, 2011.

Garr M. King
United States District Judge